**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 95-7044**

―――――――――

JERRY DAVID REEDER,

                                Petitioner - Appellant,

    versus

HARRY L. ALLSBROOK, JR.; FRANKLIN E. FREEMAN,
JR.,

                                Respondents - Appellees.

―――――――――

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Paul Trevor Sharp, Magistrate Judge. (CA-94-218-2)

―――――――――

Submitted: November 21, 1995      Decided: March 26, 1996

―――――――――

Before HALL, NIEMEYER, and HAMILTON, Circuit Judges.

―――――――――

Affirmed as modified by unpublished per curiam opinion.

―――――――――

Jerry David Reeder, Appellant Pro Se. Richard Norwood League, Clarence Joe DelForge III, OFFICE OF THE ATTORNEY GENERAL OF NORTH CAROLINA, Raleigh, North Carolina, for Appellees.

―――――――――

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Appellant seeks to appeal the magistrate judge's order dismissing his 28 U.S.C. § 2554 (1988) petition.[*]  We have reviewed the record and find that Appellant has failed to exhaust his state remedies. The principles of comity which underlie the exhaustion requirement dictate that a state be presented with the opportunity to review federal constitutional challenges whether or not the state will choose to avail itself of that opportunity. See Preiser v. Rodriquez, 411 U.S. 475 (1973).  Accordingly, we agree with the dismissal of Reeder v. Allsbrook, No. CA-94-218-2 (M.D.N.C. June 27, 1995), but modify to dismiss without prejudice so that Appellant may properly exhaust his state remedies.

Because Appellant has failed to demonstrate the requisite extraordinary circumstances, we also deny his motion for appointment of counsel.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED AS MODIFIED

---

[*] Both parties consented to the jurisdiction of the magistrate judge under 28 U.S.C.A. § 636(c)(1) (West 1993).